IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EMMIT GILES,                    Plaintiff, | : : : | CIVIL ACTION |
| v. | : : | No. 11-3773 |
| CITY OF PHILADELPHIA,                    Defendant. | : : : | |

Goldberg, J.                                                                                           February 29, 2012

**Memorandum Opinion**

Plaintiff, Emmit Giles, has brought suit against Defendant, the City of Philadelphia, pursuant to 42 U.S.C. § 1983. He alleges that Defendant has violated his Fifth, Sixth, and Fourteenth Amendment rights in withholding the results of an Atomic Absorption test that was performed during a homicide criminal investigation. (Compl. ¶¶ 1, 23.)

Presently before the Court is Defendant's Motion to Dismiss. For reasons set forth below, the Court will grant Defendant's motion.

**I. Factual Background**

Based upon the averments in the complaint, the pertinent facts, viewed in the light most favorable to Plaintiff, are as follows:

On August 17, 1989, Plaintiff was arrested and charged with the shooting death of his girlfriend. Early the next morning, the police conducted an Atomic Absorption test on Plaintiff's hands. This test is used to determine whether someone recently fired a weapon. Prior to trial, the prosecutor did not provide Plaintiff with the results of this test. On October 31, 1990, following a

1

bench trial, Plaintiff was convicted of second-degree murder. (Compl. ¶¶ 6-9.)

In the years following his conviction, Plaintiff has sought state and federal post-conviction relief, but never received the results of the Atomic Absorption test. On August 9, 2006, Plaintiff requested a copy of the test results via correspondence to then Philadelphia Police Commissioner Sylvester Johnson. Through correspondence dated August 15, 2006, Philadelphia Police Lieutenant Michael Dwyer denied Plaintiff's request, stating that Pennsylvania's Right to Know Act excluded disclosure of such test results. (Compl. ¶¶ 9-11.)

On September 14, 2006, Plaintiff filed an action in the Philadelphia Court of Common Pleas, again seeking the test results. This suit was dismissed on June 1, 2007, for lack of prosecution. More than one year later, on October 10, 2008, Plaintiff filed an action against Defendant and the Philadelphia Police Department in the Philadelphia Court of Common Pleas seeking injunctive relief to compel the release of the Atomic Absorption test results. On February 27, 2010, the Philadelphia court denied Plaintiff's request. Plaintiff commenced the above-captioned matter on June 10, 2011. (Compl. ¶¶ 12-14.)

**II. Standard of Review**

When ruling on a motion to dismiss, the Court must accept the facts pled in the complaint as true and construe them in the light most favorable to the plaintiff. Semerenko v. Cendant Corp., 223 F.3d 165, 173 (3d Cir. 2000). A complaint must "contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). The plausibility standard requires more than a "sheer possibility that a defendant has acted unlawfully." Id.

**III. Analysis**

Defendant argues that Plaintiff's § 1983 claim is time-barred by the two-year statute of limitations. Plaintiff counters that his claim is not barred because the statute did not begin to run until he knew that "no other avenues of relief" were available to him. He contends that this date was February 27, 2010 when the Philadelphia Court of Common Pleas denied his request for injunctive relief. (Pl.'s Resp. 5-6.)

In a § 1983 action, a federal court applies the relevant state statute of limitations for a personal injury tort action. See Wilson v. Garcia, 471 U.S. 261, 276 (1985); see also Urrutia v. Harrisburg Cnty. Police Dep't, 91 F.3d 451, 457 n.9 (1996). Federal courts sitting in Pennsylvania have determined that, pursuant to 42 Pa. C.S.A. § 5524, a two-year statute of limitations applies. See Sameric Corp. of Del. v. City of Phila., 142 F.3d 582, 599 (3d Cir. 1998).

A § 1983 cause of action accrues "when the plaintiff knew or should have known of the injury upon which its action is based." Sameric Corp. of Del., 142 F.3d at 599. For example, in Derrickson v. Del. Cnty. Dist. Attorney's Office, 2006 WL 2135854 (E.D. Pa. July 26, 2006), the plaintiff initiated a § 1983 suit against the Delaware County District Attorney's Office and related defendants, alleging a violation of due process for refusing to provide him with certain evidence gathered in his criminal investigation. Derrickson, 2006 WL 2135854, at *1. The court determined that the plaintiff's § 1983 cause of action accrued when he received a letter from the prosecutor rejecting his request for evidence. The court reasoned that the statute began to run at that time because the plaintiff knew upon receipt of the letter that the prosecutor was withholding the evidence. Id. at *20-21.

The facts before us are very similar to Derrickson. Viewing these facts in the light most

3

favorable to Plaintiff, at the very latest, he knew that Defendant would not give him the test results on August 15, 2006, when he received Lieutenant Dwyer's correspondence refusing his request. (Id. ¶ 11.) Plaintiff's cause of action therefore accrued upon his receipt of this letter as he then knew of the injury of which he now complains. See Sameric Corp. of Del., 142 F.3d at 599; Derrickson, 2006 WL 2135854, at *20-21. Consequently, his filing of the instant suit in 2011 is well beyond the two-year statute of limitations.

Further, Plaintiff's contention that the statute of limitations began to run when the Philadelphia Court of Common Pleas denied him injunctive relief does not rest on the applicable standard. (See Pl.'s Resp. 5.) The statute of limitations accrues when Plaintiff "knew or should have known" that Defendant denied his request for access to the test results, not when he knew "no other avenues of relief" could provide him with the evidence. See Sameric Corp. of Del., 142 F.3d at 599. Accordingly, because Plaintiff commenced this action more than four years after receiving Lieutenant Dwyer's letter, his claim is time-barred.[1]

**IV. Conclusion**

For the reasons set forth above, Defendant's motion to dismiss will be granted, and Plaintiff's complaint will be dismissed for failure to state a claim upon which relief can be granted.

Our Order follows.

---

[1] We note that, because the statute of limitations bars Plaintiff's claim, the Court need not address whether the Pennsylvania Criminal History Records Information Act prevents the release of the results of an Atomic Absorption test in a § 1983 action.